UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
                              :

IN RE SEPTEMBER 11 LITIGATION      :
                              :

------------------------------------------------------------ x
                              :

IN RE SEPTEMBER 11 PROPERTY DAMAGE :
AND BUSINESS LOSS LITIGATION     :
                              :

------------------------------------------------------------ x



21 MC 97  (AKH)
              21 MC 101 (AKH)
This document relates to:
All Cases

## STIPULATION OF DISMISSAL WITHOUT PREJUDICE

**WHEREAS**, defendant Midwest Airlines, Inc. ("Midwest") represents that on

September 11, 2001,

1. it did not utilize or operate out of any gates which required passengers to pass
   through (a) the Terminal C checkpoint at Boston Logan International Airport or (b)
   the checkpoint at the Portland International Jetport;

2. it did not provide or participate or share in providing security or contracting for the
   provision of security at or in connection with (a) the Terminal C checkpoint at
   Boston Logan International Airport, (b) the checkpoint at the Portland International
   Jetport, or (c) United Airlines Flight 175 or Colgan Air Flight 5930; and

3. there are no other remaining claims or cross-claims pending against it in 21 MC 97 or
   21 MC 101 or any other actions pending against it in any court arising out of, relating
   to or resulting from the events of September 11, 2001;

**IT IS HEREBY STIPULATED AND AGREED**, by and between the undersigned

attorneys of record for the respective parties hereto that the Cross-Claims by the Cross-Claim

Plaintiff The Port Authority of New York and New Jersey ("Port Authority"), contained in the

Cross-Claims by the Port Authority Against Certain Defendants In Plaintiffs' Amended Flight

175 Master Liability Complaint, against defendant Midwest, are hereby dismissed without

prejudice and without costs to either party as against the other.

The Port Authority reserves the right to recommence its Cross-Claims if the Port

Authority learns facts which suggest that any representation recited in the first paragraph above is untrue. Midwest agrees that any such reinstatement of the Cross-Claims will relate back to the date of the original filing and that it will not assert a statute of limitations defense to the refiled claims.

Dated: ~~June~~ September 18 , 2007
        New York, New York

Robert J. Brown
BROWN GAVALAS & FROMM LLP
355 Lexington Avenue
New York, New York 10017
(212) 983-8500

Attorneys for Defendant
Midwest Airlines, Inc.

**Keith E. Harris**  
Digitally signed by Keith E. Harris
DN: cn=Keith E. Harris, c=US,
o=Port Authority of New York and
New Jersey, ou=Law Department,
email=kharris@panynj.gov
Date: 2007.09.14 14:21:33 -04'00'

Keith Harris, Esq.
Chief General Counsel
225 Park Avenue South, 13th Floor
New York, New York 10003
(212) 412-9500

Attorneys for Cross-Claim Plaintiff
The Port Authority of New York and
New Jersey


SO ORDERED.

Dated: New York, New York
        ~~July~~ Sep 24 , 2007

Alvin K. Hellerstein
United States District Judge

2