```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - x
AMERICAN AIRLINES, INC.; AMR              :
CORPORATION; UNITED AIRLINES, INC.; UAL
CORP.; US AIRWAYS GROUP, INC.; US         :
AIRWAYS, INC.; DELTA AIR LINES, INC.;
CONTINENTAL AIRLINES, INC.; AIRTRAN       :
AIRWAYS, INC.; COLGAN AIR, INC.;
ARGENBRIGHT SECURITY, INC.; GLOBE         :
AVIATION SERVICES CORPORATION; GLOBE
AIRPORT SECURITY SERVICES, INC.;          :
HUNTLEIGH USA CORP.; ICTS
INTERNATIONAL NV; THE BOEING COMPANY;     :
THE MASSACHUSETTS PORT AUTHORITY;
AND THE METROPOLITAN WASHINGTON AIRPORT   :
AUTHORITY,
                                          :
              Plaintiffs,
                                          :   ANSWER
     v.
                                          :   07 Civ. 7050 (AKH)
CENTRAL INTELLIGENCE AGENCY and
GENERAL MICHAEL V. HAYDEN in his          :
Official Capacity as Director of the
Central Intelligence Agency.              :

              Defendants.                 :
- - - - - - - - - - - - - - - - - - - - - x
```

       Defendants Central Intelligence Agency ("CIA") and General Michael V. Hayden in his official capacity, by their attorney, Michael J. Garcia, United States Attorney for the Southern District of New York, for their answer to plaintiffs' Complaint (the "Complaint"), state upon information and belief as follows:

       Plaintiffs' introduction, consisting of a series of unnumbered paragraphs on pages 2-3 of the Complaint, contains plaintiffs' characterization and summary of their complaint to which no response is required; to the extent the introduction

contains allegations to which a response is deemed required, they are denied.

    1.  Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1 of the Complaint.

    2.  Deny the allegations in paragraph 2 of the Complaint, except admit that defendants denied plaintiffs' request to depose two individuals associated with the CIA.

    3.  The allegations in paragraph 3 of the Complaint state legal conclusions to which no response is required; to the extent a response is deemed required, they are denied.

    4.  The allegations in the first sentence of paragraph 4 of the Complaint state legal conclusions to which no response is required; to the extent a response is deemed required, they are denied.  Neither admit nor deny the allegations in the second sentence of paragraph 4 of the Complaint and instead respectfully refer the Court to the Air Transportation Safety and System Stabilization Act, Pub. L. No. 107-42, 115 Stat. 230 (2001) ("ATSSSA") for its contents.

    5.  Admit the allegations in paragraph 5 of the Complaint.

    6.  Admit the allegations in paragraph 6 of the Complaint.

    7.  Neither admit nor deny the allegations in paragraph 7 of the Complaint and instead respectfully refer the Court to

*The 9/11 Commission Report: Final Report of the National Commission on Terrorist Attacks Upon the United States* ("The 9/11 Commission Report") for its contents.

      8.  Neither admit nor deny the allegations in paragraph 7 of the Complaint and instead respectfully refer the Court to the *Report of the Joint Inquiry into the Terrorist Attacks of September 11, 2001*.

      9.  Neither admit nor deny the allegations in paragraph 9 of the Complaint and instead respectfully refer the Court to the ATSSSA for its contents.

      10.  Admit the allegations in the first and second sentences of paragraph 10 of the Complaint.  Deny knowledge or information sufficient to form a belief as to the truth of the allegations in the third sentence of paragraph 10 of the Complaint.

      11.  Admit the allegations in paragraph 11 of the Complaint.

      12.  The allegations in paragraph 12 of the complaint constitute plaintiffs' characterization of the allegations in the September 11 Litigation to which no response is required.

      13.  Admit the allegations in paragraph 13 of the Complaint.

      14.  Admit the allegations in paragraph 14 of the Complaint.

      15.  Deny the allegations in paragraph 15 of the

Complaint, except admit that one of the CIA's responsibilities is to collect intelligence regarding threats of terrorist attacks by, among others, al-Qaeda and Usama Bin Ladin.

16. Deny the allegations in paragraph 16 of the Complaint, except admit that the CIA shared intelligence information with the FAA regarding threats to civil aviation.

17. Deny the allegations in paragraph 17 of the Complaint.

18. Deny the allegations in paragraph 18 of the Complaint.

19. Deny the allegations in paragraph 19 of the Complaint, except admit that plaintiffs sent the government a letter dated March 6, 2007 ("March 6 letter"), and respectfully refer the Court to the March 6 letter for its contents.

20. Neither admit nor deny the allegations in paragraph 20 of the Complaint and instead respectfully refer the Court to the March 6 letter for its contents.

21. Admit the allegations in paragraph 21 of the Complaint.

22. Neither admit nor deny the allegations in paragraph 22 of the Complaint and instead respectfully refer the Court to the Court's order dated July 24, 2002, granting the Government's motion to intervene in the September 11 Litigation, for its contents.

23. Deny knowledge or information sufficient to form a

belief as to the truth of the allegations in paragraph 23 of the Complaint.

24. Deny the allegations in paragraph 24 of the Complaint.

25. Deny the allegations in paragraph 25 of the Complaint, except admit that the March 6 letter requested the deposition of "John," who was deputy chief of the CIA's Usama Bin Ladin unit and was detailed to FBI headquarters in 2001.

26. Deny the allegations in paragraph 26 of the Complaint and respectfully refer the Court to Exhibit 2 of the Complaint for its contents.

27. Deny the allegations in paragraph 27 of the Complaint, except admit that the March 6 letter requested the deposition of "Mary," who was detailed to the Usama Bin Ladin unit at the CIA from 1998 to 2001.

28. Deny the allegations in paragraph 28 of the Complaint and respectfully refer the Court to Exhibit 3 of the complaint for its contents.

29. Deny the allegations in paragraph 29 of the Complaint, except admit that John and Mary gathered intelligence regarding al-Qaeda and Usama Bin Ladin.

30. Deny the allegations in paragraph 30 of the Complaint, except admit that John and Mary gathered intelligence regarding al-Qaeda and Usama Bin Ladin.

31. Deny the allegations in paragraph 31 of the

Complaint, except admit that a substitution for the testimony of John was read at the trial in *United States v. Moussaoui* and respectfully refer the Court to that substitution for its contents.

      32.   Admit the allegations in paragraph 32 of the Complaint.

      33.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 33 of the Complaint, except admit that John was interviewed by the 9/11 Commission.

      34.   Deny the allegations in paragraph 34 of the Complaint, except admit that a substitution for the testimony of Mary was read at the trial in *United States v. Moussaoui* and respectfully refer the Court to that substitution for its contents.

      35.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 35 of the Complaint.

      36.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 36 of the Complaint.

      37.   Deny the allegations in paragraph 37 of the Complaint.

      38.   The allegations in paragraph 38 of the Complaint state legal conclusions to which no response is required.

39. The allegations in the first sentence of paragraph 39 of the Complaint state legal conclusions to which no response is required. The allegations in the second sentence of paragraph 39 of the Complaint constitute legal argument to which no response is required; to the extent a response is deemed required, they are denied.

40. The allegations in paragraph 40 of the Complaint constitute legal argument to which no response is required; to the extent a response is deemed required, they are denied.

41. The allegations in paragraph 41 of the Complaint constitute legal argument to which no response is required; to the extent a response is deemed required, they are denied.

42. Deny the allegations in paragraph 42 of the Complaint.

43. Deny the allegations in paragraph 43 of the Complaint.

44. Deny the allegations in paragraph 44 of the Complaint.

45. The allegations in paragraph 45 of the Complaint constitute legal argument to which no response is required; to the extent a response is deemed required, they are denied.

46. The allegations in paragraph 46 of the Complaint constitute legal argument to which no response is required; to the extent a response is deemed required, they are denied.

47. The allegations in paragraph 47 of the Complaint

state legal conclusions to which no response is required.

      48.   The allegations in paragraph 48 of the Complaint constitute legal argument to which no response is required; to the extent a response is deemed required, they are denied.

      49.   Deny the allegations in the first, second and third sentences of paragraph 49 of the Complaint, except admit that during the relevant period, the CIA was engaged in intelligence gathering and shared intelligence information with the FAA.  Deny the allegations in the fourth sentence of paragraph 49 of the Complaint.  The allegations in the fifth sentence of paragraph 49 of the Complaint constitute legal argument to which no response is required; to the extent a response is deemed required, they are denied.

      50.   The allegations in paragraph 50 of the Complaint constitute legal argument to which no response is required; to the extent a response is deemed required, they are denied.

      51.   The allegations in paragraph 51 of the Complaint constitute legal argument to which no response is required; to the extent a response is deemed required, they are denied.

      52.   Deny the allegations in paragraph 52 of the Complaint, except admit that defendants denied plaintiffs' request to depose John and Mary.

      53.   Deny the allegations in paragraph 53 of the Complaint and respectfully refer the Court to the May 1, 2007 letter from the CIA for its contents.

54. Deny the allegations in paragraph 54 of the Complaint, except admit that by letters dated May 7, 2007, the FBI denied plaintiffs' requests to depose five agents of the FBI.

55. Deny the allegations in paragraph 55 of the Complaint, and respectfully refer the Court to the May 1, 2007 letter from the CIA for its contents.

56. Deny the allegations in paragraph 56 of the Complaint and respectfully refer the Court to the May 1, 2007 letter from the CIA for its contents.

57. Deny the allegations in paragraph 57 of the Complaint.

58. Deny the allegations in paragraph 58 of the Complaint.

59. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in the first and second sentences of paragraph 59 of the Complaint. Deny the allegations in the third sentence of paragraph 59 of the Complaint and respectfully refer the Court to Sec. 525 of the Department of Homeland Security Appropriations Act, 2007, 109 Pub. L. No. 295, § 525, 120 Stat. 1355 (2006) for its contents.

60. Neither admit nor deny the allegations in paragraph 60 of the Complaint and instead respectfully refer the Court to the ATSSSA for its contents.

61. Deny the allegations in paragraph 61 of the Complaint.

62. The allegations in paragraph 62 of the Complaint constitute legal argument to which no response is required; to the extent a response is deemed required, they are denied.

63. The allegations in paragraph 63 of the Complaint constitute legal argument to which no response is required; to the extent a response is deemed required, they are denied.

64. The allegations in paragraph 64 of the Complaint constitute legal argument to which no response is required; to the extent a response is deemed required, they are denied.

65. The allegations in paragraph 65 of the Complaint constitute legal argument to which no response is required; to the extent a response is deemed required, they are denied.

66. The allegations in paragraph 66 of the Complaint constitute legal argument to which no response is required; to the extent a response is deemed required, they are denied.

67. The allegations in paragraph 67 of the Complaint constitute legal argument to which no response is required; to the extent a response is deemed required, they are denied.

68. The allegations in paragraph 68 of the Complaint constitute legal argument to which no response is required; to the extent a response is deemed required, they are denied.

69. In response to the allegations in paragraph 69 of the Complaint, restate their responses to the allegations in paragraphs 1-68 of the Complaint.

70. Deny the allegations in paragraph 70 of the

Complaint.

      71.    Deny the allegations in paragraph 71 of the Complaint.

      72.    Deny the allegations in paragraph 72 of the Complaint.

      73.    In response to the allegations in paragraph 73 of the Complaint, restate their responses to the allegations in paragraphs 1-72 of the Complaint.

      74.    Deny the allegations in paragraph 74 of the Complaint.

      75.    Deny the allegations in paragraph 75 of the Complaint.

      76.    Deny the allegations in paragraph 76 of the Complaint.

WHEREFORE, Defendants demand judgment against plaintiffs dismissing the Complaint, and request that they be granted such other and further relief as this Court deems just and proper.

Dated:  New York, New York
       October 9, 2007

                      MICHAEL J. GARCIA
                      United States Attorney for the
                        Southern District of New York
                      Attorney for Defendants

By:  /s/ Sarah S. Normand
     BETH E. GOLDMAN
     SARAH S. NORMAND
     JEANNETTE A. VARGAS
     Assistant United States Attorneys
     86 Chambers Street
     New York, New York 10007
     Tel.: (212) 637-2732/09/2678
     Fax.: (212) 637-2730
     beth.goldman@usdoj.gov
     sarah.normand@usdoj.gov
     jeannette.vargas@usdoj.gov